UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFF WESKE**, *et al.*,<br><br>            **Plaintiffs,**<br><br>      v.<br><br>**SAMSUNG ELECTRONICS, AMERICA, INC. & SAMSUNG ELECTRONICS, CO., LTD.**<br><br>            **Defendants.** | Civ. No. 2:10-4811 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

The Plaintiffs in this putative class action allege that a circuit board defect (the "Defect") caused their Samsung refrigerators to stop cooling. Plaintiffs assert claims for the violation of various consumer protection laws, fraudulent concealment, and breach of implied warranty. Defendants Samsung Electronics, America, Inc. ("SEA") and Samsung Electronics, Co., Ltd. ("SEC") (together "Samsung") move under Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss all claims. Samsung also moves under Federal Rule of Civil Procedure 12(f) to strike, among other things, Plaintiffs' class allegations. There was no oral argument. Fed. R. Civ. P. 78(b). For the foregoing reasons, Samsung's motion to dismiss is **GRANTED in part and DENIED in part**, and its motion to strike is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiffs Jeff Weske, Jo Anna Frager, and Darryl Myhre, filed an original class action Complaint against Samsung on September 20, 2010. In that pleading,

---

[1] For purposes of the motion to dismiss, the Court accepts as true the allegations in the Complaint.

1

Plaintiffs alleged that they purchased defective Samsung refrigerators (the "Refrigerators") that stopped cooling after a certain period. For present purposes, the Refrigerators' warranty lasted for one year. Plaintiffs alleged that Samsung knew—or was reckless in not knowing—that the Refrigerators were defective. In support of this allegation, Plaintiffs pointed to customer complaints Samsung received in early 2006 from unspecified consumers, to postings on a consumer affairs website in 2009 and 2010, and to a BBC report from 2008 diagnosing cooling problems in a Samsung refrigerator sold in the United Kingdom.

The original Complaint alleged four causes of action: (1) violation of the New Jersey Consumer Fraud Act; (2) fraudulent concealment or non-disclosure; (3) breach of implied warranty; and (4) unjust enrichment. The Court dismissed all four claims. Subsequently, Plaintiffs filed a First Amended Complaint and then, before there was additional motion practice, Plaintiffs filed a Second Amended Complaint (the "SAC"). Unlike the original Complaint, the SAC identifies the Defect as a faulty circuit board. SAC ¶ 6, ECF No. 61.

The SAC adds claims from three new Plaintiffs: Ralph Chermak and Jeff Poslean (both from Illinois), and Maureen Kean (from California).[2] As illustrated in the following chart, the Plaintiffs named in the SAC purchased their refrigerators in different states, and they began to experience cooling problems at different times:

### Plaintiffs' Refrigerator Purchases

| Plaintiff | State of Purchase | Time of Purchase | Time Defect Manifested | Time Samsung Notified |
|---|---|---|---|---|
| Jeff Weske | Minnesota | December 2006 | Spring 2009 | Fall 2009 |
| Jo Anna Frager | Ohio | February 2008 | June 2010 | Never |
| Darryl Myhre | Washington | November 2007 | Before November 2008 | Before November 2008 |
| Ralph Chermak | Illinois | September 2009 | March 2011 | March 2011 |
| Jeff Poslean | Illinois | 2008 | October 2011 | October 2011 |
| Maureen Kean | California | August/September 2009 | November 2010 | December 2011 |

---

[2] Beverly Burns is another named Plaintiff from California. Kean and Burns are domestic partners, and they purchased their refrigerator together. Since their allegations are identical, the Court refers only to Kean in this opinion.

The SAC alleges that Samsung "obtained (or should have obtained) . . . notice [of the Defect] no later than spring or summer 2006." *Id.* ¶ 99. In support of this allegation, the SAC confirms that two people, neither of whom are Plaintiffs, notified Samsung about cooling problems in 2006:

- Mary Johnston. Johnston bought her Samsung refrigerator in 2005. After Johnston's refrigerator began to experience cooling problems in August 2006, Johnston called Samsung's customer service department and spoke with "Amber." A repairman was unable to fix the problem, and Johnston called customer service a second time. A second repairman diagnosed a faulty control board and said he would inform Samsung of the problem.

- Eugene Ruta. The SAC does not say when Ruta purchased his refrigerator. Ruta called Samsung's customer service hotline in 2006 complaining of cooling problems. A repairman diagnosed frozen outer heat-exchanging pipes and said he would report the problem to Samsung.

The SAC also cites two apparently unconfirmed internet postings from non-parties who claim to have notified Samsung about cooling problems in 2006.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Federal Rule of Civil Procedure 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As motions to strike are "often sought by the movant simply as a dilatory tactic," they are extremely disfavored. *F.T.C. v. Hope Now Modifications, LLC*, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (internal quotation and citation omitted).

## III. DISCUSSION

Plaintiffs assert three causes of action in the SAC: (1) violation of the state consumer protection laws of each Plaintiff's home state (California, Illinois, Minnesota, Ohio, Washington)[3] (Count I); (2) fraudulent concealment/non-disclosure (Count II); and (3) breach of implied warranty under Minnesota and Ohio law (Count III). Samsung moves to dismiss all Counts. It also moves to strike the Ohio breach of warranty claim, several SAC paragraphs concerning internet postings, and the class allegations.

### A.   MOTION TO DISMISS

Samsung makes three arguments in support of its motion to dismiss. First, it argues that Plaintiffs' claims for fraudulent concealment and violation of the Consumer Protection Laws do not satisfy the requirements of Federal Rule of Civil Procedure 9(b). The Court agrees. In the alternative, Samsung argues that

---

[3] Plaintiffs seek relief under the following consumer protection laws (together the "Consumer Protection Laws"):

- California Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*. and California Unfair Competition Law, Cal. BPC. Code § 17200, *et seq*.;

- Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq*.;

- Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq*. and Minnesota Consumer Fraud Act, Minn. Stat. § 325F.68 *et seq*.;

- Ohio Consumer Sales and Practices Act, Ohio Rev. Code § 1345.01 *et seq.*; and

- Washington Consumer Protection Act, RCW§ 19.86.010 *et seq.*

4

Plaintiffs' claims under the Consumer Protection Laws of California, Illinois, and Ohio should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Again, the Court agrees with Samsung.  Third, Samsung argues that Plaintiffs' claims for breach of warranty under Minnesota law should be dismissed, and that Plaintiffs' claims for breach of warranty under Ohio law should either be dismissed or stricken.  The Court finds that that the claim sounding in Minnesota law should be dismissed.  The Court finds that the claim sounding in Ohio law should neither be stricken nor dismissed.

### 1. Federal Rule of Civil Procedure 9(b)

Counts I and II, respectively, assert claims for fraudulent concealment/non-disclosure and for violation of the Consumer Protection Laws.  Samsung moves to dismiss both counts, arguing that Plaintiffs have failed to satisfy the particularity pleading requirements of Federal Rule of Civil Procedure 9(b).  The Court will **GRANT** Samsung's motion to dismiss Counts I and II.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Rule 9(b) essentially requires Plaintiffs to allege the who, what, when, where, and how elements to state a claim arising in fraud.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1423 (3d Cir. 1997).  Where plaintiffs can demonstrate that specific information is in the exclusive control of the defendant, the Court relaxes the showing required under Rule 9(b).  *See In re Craftmatic Secs. Litig.*, 890 F.2d 628, 645 (3d Cir. 1989).  But Plaintiffs "must still allege facts suggesting fraudulent concealment."  *Weske v. Samsung Elecs. Am., Inc.*, No. 10-4811, 2012 WL 833003, at *5 (D.N.J. Mar. 12, 2012).  Furthermore, "[c]ollectivized allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed, do not satisfy Rule 9(b)."  *See Hale v. Stryker Orthopaedics*, No. 8–337, 2009 WL 321579, at *6 (D.N.J. Feb. 9, 2009).

In its earlier opinion, the Court dismissed fraudulent concealment claims because "Plaintiffs [did] not provide sufficient factual allegations to establish Samsung knew of the Defect prior to the sales at issue in this litigation." *Weske*, 2012 WL 833003 at *5.  The Court noted that "[a]lthough Plaintiffs allege that Samsung knew of the Defect as early as 2006 because of complaints made by unspecified customers, they do not allege who at Samsung learned of these complaints and they do not identify any particular individuals who complained."  *Id.*

5

Like the Complaint, the SAC fails to satisfy Rule 9(b). The SAC does not provide the "who, what, when, where, and how elements to state a claim arising in fraud." *Burlington*, 114 F.3d at 1423. Besides from referencing a single customer service hotline attendant, the SAC does not identify who at Samsung learned about the customer complaints. Nor does it distinguish between the two Samsung defendants, SEA and SEC. *See Hale*, 2009 WL 321579 at *6. Nor does the SAC provide facts suggesting fraudulent concealment beginning in 2006. Ultimately, Plaintiffs' allegation that Samsung discovered the Defect in 2006 is based on just two confirmed customer complaints and two unconfirmed reports posted on internet websites. "Awareness of a few customer complaints . . . does not establish knowledge of an alleged defect." *Baba v. Hewlett-Packard Co.*, No. 9-5946, 2011 WL 317650, at *3 (N.D. Cal. Jan. 28, 2011) (dismissing fraud claims under Rule 9(b)). Accordingly, the Court will **DISMISS** Counts I and II **WITHOUT PREJUDICE** and grant Plaintiffs leave to amend.

### 2. Federal Rule of Civil Procedure 12(b)(6)

#### a. Count I: Consumer Protection Laws

Count I asserts a claim for violation of the Consumer Protection Laws. Samsung argues that the claims sounding in California and Illinois law, and the class claim (but not the individual claim) sounding in Ohio law should be dismissed under Federal Rule of Civil Procedure 12(b)(6). While the Court need not address Samsung's arguments given the reasoning set forth in Section III.A.1, the Court believes that Plaintiffs will benefit from the analysis should they choose to amend the SAC.

##### i. Ohio Consumer Sales Practices Act ("OCSPA")

To bring a class action under the OCSPA, a plaintiff must establish that a prior rule or judicial decision has put the defendant on notice that its conduct was deceptive. O.R.C. § 1345.09(B) ("Section 1345"). Plaintiffs argue that *Nessle v. Whirlpool Corp.*, No. 12-310, 2008 WL 2967703 (N.D. Ohio July 25, 2008) provided Samsung with the notice required by OCSPA. Plaintiffs are mistaken. *Savett v. Whirlpool Corp.*, No. 12-310, 2012 WL 3780451, at *4 (N.D. Ohio Aug. 31, 2012) ("[*Nessle*] does not constitute a determination by an Ohio court that a

6

particular act or practice violates the OCSPA.").[4]  It follows that Plaintiffs have not stated a class claim under the OCSPA.

### ii. Illinois Consumer Fraud Act ("ICFA")

Samsung contends that Plaintiffs have failed to state a claim under the ICFA because there is no allegation that Samsung's representations or omissions proximately caused the two Illinois Plaintiffs (Poslean and Chermak) to purchase their Refrigerators.  The Court agrees.

To state a claim under the ICFA, a Plaintiff must allege proximate causation. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 850 (Ill. 2005).  The Supreme Court of Illinois has held that in a consumer fraud action under the ICFA,

> the plaintiff must actually be deceived by a statement or omission. If there has been no communication with the plaintiff, there have been no statements and no omissions. In such a situation, a plaintiff cannot prove proximate cause.

*De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009).  Plaintiffs have not alleged that Poslean or Chermak ever received a communication from Samsung.  Accordingly, Plaintiffs have not stated a claim under the ICFA.

### iii. California Legal Remedies Act ("CLRA") and California Unfair Competition Law ("UCL")

Next, Samsung argues that Plaintiffs have failed to state a claim under the CLRA and the UCL because the named Plaintiff from California, Maureen Kean, began experiencing cooling problems after her warranty had expired.  The Court agrees.

"Although California courts are split on this issue, the weight of authority suggests that a 'manufacturer's duty to consumers [under the CLRA or UCL] is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue.'"  *O'Shea v. Epson America, Inc.*, No. 9-8063, 2011 WL 3299936, at *8 (C.D. Cal. July 29, 2011) (citing *Oestreicher v. Alienware Corp.*, 322 Fed.

---

[4] Plaintiffs argue that the notice required by OCSPA was provided by two additional cases, *Sovel v. Richardson*, 1995 WL 678558 (Oh. Ct App. Nov. 15, 1995) and *Brown v. Lyons*, 332 N.E.2d 380 (Ohio C.P. Hamilton County 1974).  Because Plaintiffs failed to identify these cases in the SAC, the Court will not consider them for purposes of the motion to dismiss.  *See St. Clair v. Kroger Co.*, 581 F. Supp. 2d 896, 901 (N.D. Ohio 2008) (dismissing OCSPA class claim where complaint failed to identify a rule or judgment that satisfied Section 1345).

Appx. 489, 493 (9th Cir. 2009)). The "safety issue" exception is grounded in policy concerns. If the CLRA and the UCL could impose liability on any manufacturer after the expiration of the manufacturer's warranty, warranties would effectively be "perpetual." *Wilson*, 668 F.3d 1136 (quoting *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 972 (N.D.Cal. 2008)). While courts have been reluctant to create perpetual warranties for ordinary products, they have not expressed the same reluctance when it comes to products that implicate safety.

Kean purchased her refrigerator in August or September of 2009, and she began to notice cooling problems in November 2010, more than one year later. Samsung's warranty on parts and labor lasted for one year. Accordingly, for Kean to state an omission-based claim under the CLRA or UCL, Samsung must have omitted facts relating to product safety.

Kean contends that the Samsung omitted to inform her about the Defect. She further contends that the Defect is related to product safety because it can cause food to spoil. While it is possible that a cooling problem in a refrigerator can lead a person to ingest spoiled food and become sick, the Court is reluctant to equate refrigerators with products that trigger the "safety issue" exception— products such as artificial hearts and car engines. *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 970 n.6 (N.D. Cal. 2008); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1237 (N.D. Cal. 2011). Plaintiffs have not stated a claim under the UCL or the CLRA.

### b. Count III: Breach of Implied Warranty

Count III asserts a claim for breach of warranty under Minnesota law and a claim for tortious breach of warranty under Ohio law. Samsung moves to dismiss both claims. The Court will **GRANT** the motion to dismiss the claim sounding in Minnesota law. The Court will **DENY** the motion to dismiss the claim sounding in Ohio law.

### i. Minnesota Law

Plaintiffs assert a claim for breach of warranty under Minnesota law, arguing that Samsung's warranty was unconscionable.[5] The Court disagrees.

The Court assumes without deciding that a breach of warranty claim can be grounded in unconscionability. Plaintiffs argue that Samsung's warranty was

---

[5] Though Plaintiffs' breach of warranty claim was pled under Minnesota law, the Court applies New Jersey law because the two states' laws are "substantially similar." *Weske*, 2012 WL 833003 at *6.

8

unconscionable because Samsung knew about the Defect and failed to disclose it. But failing to disclose a known defect does not, by itself, make a warranty unconscionable. *See Chan v. Daimler AG*, No. 11-5391, 2012 WL 5827448, at *6 (D.N.J. Nov. 9, 2012) ("The fact that a defendant may have been aware of a defect during the period of an express warranty does not . . . give rise to a valid claim for breach of warranty."); *Alban v. BMW of North America*, No. 9-5398, 2011 WL 900114, at *9 (D.N.J. March 15, 2011) ("Alban's allegations that BMW knew that the sound insulation in his vehicle would fail after the expiration of the warranty agreement do not indicate that the time and mileage limitation clause was unconscionable."); *but see Payne v. Fujifilm U.S.A., Inc.*, No. 7-385, 2007 WL 4591281, at *5 (D.N.J. Dec. 28, 2007) (defendant's knowledge of defect can render warranty procedurally unconscionable). Accordingly, the Court will **DISMISS** the breach of implied warranty claim under Minnesota law. As it is perhaps conceivable that Plaintiffs could state a claim here, the dismissal shall operate **WITHOUT PREJUDICE**.

### ii. Ohio Law

Samsung moves to dismiss the claim for tortious breach of warranty under Ohio law, arguing that it is barred by the economic loss doctrine. The Court disagrees with Samsung's argument.

Jo Anna Frager, the named Plaintiff from Ohio, is an ordinary consumer who lacks privity with Samsung. Under Ohio law, there is a "general rule [that] 'a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.'" *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 684 F. Supp. 2d 942, 949 (N.D. Ohio 2009) (quoting *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 630 (Ohio 1989)). But the rule does not apply to "'ordinary consumers' who lack privity with a product's manufacturer." *Id.* Accordingly, the economic loss doctrine does not bar Plaintiffs' claim for tortious breach of implied warranty under Ohio law. The Court will **DENY** the motion to dismiss the breach of warranty claim sounding in Ohio law.

### B. MOTION TO STRIKE

Samsung moves to strike the claim for tortious breach of warranty under Ohio law. It also moves to strike the SAC paragraphs referencing internet postings and the class allegations. The Court will not strike any of this material.

### 1. OHIO BREACH OF WARRANTY CLAIM

Samsung moves to strike Plaintiffs' claim for tortious breach of warranty under Ohio law, arguing that the claim was filed without permission. The Court will **DENY** the motion.

In its March 12, 2012 Opinion, the Court dismissed Plaintiffs' breach of implied warranty claim and allowed Plaintiffs to amend their Complaint accordingly. Plaintiffs subsequently filed the SAC, which includes a claim for tortious breach of warranty under Ohio law. Samsung argues that the Court intended only for Plaintiffs to re-plead breach of warranty claims sounding in contract, not tort. The Court never specified whether Plaintiffs' breach of warranty claim needed to sound in contract or tort. Samsung's reading of the Court's March 12, 2012 Opinion is too narrow.

### 2. SAC PARAGRAPHS RELATED TO INTERNET POSTINGS

Next, Samsung moves to strike SAC paragraphs 100-103, which reference internet postings about Samsung refrigerators. As this material is not "redundant, immaterial, impertinent or scandalous matter," Fed. R. Civ. P. 12(f), the Court will **DENY** the motion to strike it.

### 3. CLASS ALLEGATIONS

Finally, Samsung also moves to strike Plaintiffs' class allegations. The Court will **DENY** the motion as premature.

Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Numerous "cases have affirmed that motions to strike should be used sparingly, and generally are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Ehrhart v. Synthes*, No. 7–1237, 2007 WL 4591276, at *3 (D.N.J. Dec. 28, 2007) (internal quotation and citation omitted). Similarly, numerous cases in this District have emphatically denied requests to strike class allegations at the motion to dismiss stage as procedurally premature. *See id.; Andrews v. Home Depot U.S.A., Inc.*, No. 3-5200, 2005 WL 1490474, at *3 (D.N.J. June 23, 2005); *Myers v. Medquist, Inc.*, No. 5-4608, 2006 WL 3751210, at *9 (D.N.J. Dec. 20, 2006).

Given the early stage of the proceedings, the Court finds that Samsung's request to strike the class allegations is premature. Accordingly, the motion to

strike is **DENIED**.  Samsung may renew its arguments in response to a motion for class certification.

## V.     CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** in part, and **DENIED** in part.  Count I (fraudulent inducement/non-concealment) and Count II (Consumer Protection Laws) are **DISMISSED WITHOUT PREJUDICE**.  With respect to Count III, the breach of warranty claim under Minnesota law (Count Three) is dismissed **WITHOUT PREJUDICE**, but the breach of warranty claim under Ohio law survives.  Finally, the motion to strike is **DENIED**. Plaintiffs shall have 30 days in which to amend their pleading in accordance with this opinion.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 19, 2013**