UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFF WESKE**, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**SAMSUNG ELECTRONICS, AMERICA, INC. & SAMSUNG ELECTRONICS, CO., LTD.**<br><br>　　　　　Defendants. | Civ. No. 2:10-4811 (WJM)<br><br>**OPINION** |

## **WILLIAM J. MARTINI, U.S.D.J.:**

　　The Plaintiffs in this putative class action allege that a circuit board defect (the "Defect") caused their Samsung refrigerators to stop cooling. In an earlier opinion, the court dismissed without prejudice Plaintiffs' fraud claims pursuant to Federal Rule of Civil Procedure 9(b). The Court also dismissed a breach of warranty claim under Minnesota law without prejudice. The only remaining claim is a putative class action claim for breach of warranty under Ohio law (the "Remaining Claim"). Plaintiffs move pursuant to 28 U.S.C. § 1292(b) to certify an interlocutory appeal on the proper standard to apply under Rule 9(b). Samsung counters with three motions of its own. Samsung moves to dismiss **with prejudice** those claims the Court dismissed **without prejudice** in its prior opinion. Samsung moves—without opposition—to extend its time to answer the Second Amended Complaint ("SAC"). And Samsung moves—again, without opposition—to transfer this case to the Northern District of Ohio pursuant to 28 U.S.C. §1404(a), but only so long as the Court grants the motion to dismiss **with prejudice**.

　　For the reasons stated below, the Court will **DENY** Plaintiffs' motion to certify an interlocutory appeal. The Court will **DENY** Samsung's motions to dismiss and to transfer. The Court will **GRANT** Samsung's motion to extend Samsung's time to answer the SAC.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jeff Weske, Jo Anna Frager, and Darryl Myhre (together the "Original Plaintiffs") filed a class action Complaint against Samsung on September 20, 2010. Weske is a resident of Cloquet, Minnesota; Frager is a resident of Montville, Ohio; and Myhre is a resident of Bellevue, Washington. The Original Plaintiffs alleged that they purchased defective Samsung refrigerators (the "Refrigerators") that stopped cooling after a certain period. The Original Plaintiffs also alleged that Samsung knew—or recklessly disregarded—the fact that the Refrigerators contained a Defect that caused the Refrigerators to stop cooling earlier than their customers expected. Finally, the Original Plaintiffs alleged that Samsung continued to sell its defective refrigerators even after customers complained about the cooling problem in early 2006, and even after the BBC reported on a similar cooling defect in a Samsung refrigerator sold in the United Kingdom in 2008.

Based on these allegations, the Complaint asserted claims for (1) violation of the New Jersey Consumer Fraud Act ("NJCFA"); (2) fraudulent concealment or non-disclosure; (3) breach of implied warranty; and (4) unjust enrichment. On March 12, 2012, the Court dismissed the NJCFA claim and the breach of implied warranty claim without prejudice. Based on a failure to plead with particularity, the Court dismissed the fraudulent concealment claims under Federal Rule of Civil Procedure 9(b) without prejudice. In so doing, the Court noted that Rule 9(b) generally "requires Plaintiffs to allege the who, what, when, where, and how elements to state a claim arising in fraud." *Weske v. Samsung Elecs., America, Inc.* ("*Weske I*"), No. 10-4811, 2012 WL 833003 (D.N.J. Mar. 12, 2012) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1423 (3d Cir. 1997)). However, the Court acknowledged that the Third Circuit's decision in *In re Craftmatic Secs. Litig.,* 890 F.2d 628, 645 (3d Cir. 1989) requires courts to apply a relaxed pleading standard when "specific information . . . is exclusively within [a defendant's] knowledge or control." *Id.* Pursuant to *Craftmatic*, the Court required plaintiffs to "allege facts suggesting fraudulent concealment and . . . explain why the additional missing information lies exclusively within Samsung's control." The Court held that plaintiffs did not satisfy this relaxed Rule 9(b) standard. *Id.*

On June 5, 2012, the Original Plaintiffs, along with Ralph Chermak and Jeff Poslean (both from Illinois), and Maureen Kean (from California)[1] (together "Plaintiffs") filed a second amended complaint (the "SAC"). The SAC contains

---

[1] Beverly Burns is another named Plaintiff from California. Kean and Burns are domestic partners, and they purchased their refrigerator together. Since their allegations are identical, the Court refers only to Kean in this opinion.

three counts. Count I alleges violations of the consumer protection laws of each Plaintiff's home state (California, Illinois, Minnesota, Ohio, and Washington). Count II alleges common law fraudulent concealment/non-disclosure. Count III alleges breach of warranty under Minnesota and Ohio law. On June 25, 2012, Samsung moved to dismiss all counts. ECF No. 65. The Court granted the motion in part and denied it in part. First, the Court dismissed the consumer protection claims and the fraudulent concealment claims pursuant to Rule 9(b). As it did in its earlier decision, the Court applied the relaxed Rule 9(b) standard set forth in *Craftmatic*. The Court explained: "Where plaintiffs can demonstrate that specific information is in the exclusive control of the defendant, the Court relaxes the showing required under Rule 9(b). But Plaintiffs must still allege facts suggesting fraudulent concealment." *Weske v. Samsung Elecs. America, Inc.* ("*Weske II*"), No. 10-4811, 2013 WL 1163501, at *3 (D.N.J. Mar. 19, 2013) (internal quotation and citation omitted). As Plaintiffs failed to satisfy the relaxed Rule 9(b) standard, the Court dismissed Counts I and II without prejudice. Additionally, the Court dismissed the breach of warranty claim under Minnesota law. The Court allowed the claim for breach of warranty claim under Ohio law to proceed. Accordingly, the only claim that remains is the claim for breach of warranty under Ohio law (the "Remaining Claim").

After the Court dismissed Counts I and II, as well as the Minnesota breach of warranty claim under Count III, the Court granted Plaintiffs leave to file a third amended complaint by April 18, 2013. Plaintiffs did not file a third amended complaint by April 18, 2013. Instead, on April 18, 2013, Plaintiffs moved the Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In their motion papers, Plaintiffs represented that when the Court dismissed Counts I and II of the SAC, the Court held that "Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead the 'time, place, content, and identity elements' of a fraud claim with particularity, even where the defendant has exclusive knowledge of the fraud." Motion to Certify Interlocutory Appeal at 1, ECF No. 82-1. This "holding," Plaintiffs explained, "raised a controlling question of law—the appropriate pleading standard under Rule 9(b)—for which substantial ground for differences of opinion exist among the federal courts." *Id.*

On May 17, 2013, the Honorable Mark Falk entered a consent order extending until May 31, 2013 Samsung's time to answer or respond to the Remaining Claim. ECF No. 88.

On May 31, 2013, Samsung filed a motion requesting three forms of relief. First, Samsung moved to dismiss with prejudice those claims in the SAC that the Court dismissed without prejudice. Second, Samsung moved to extend its time to answer the Remaining Claim. Third, Samsung moved to transfer this case to the

3

Northern District of Ohio pursuant to 28 U.S.C. § 1404(a), but only if the Court grants the motion to dismiss with prejudice.

## II. DISCUSSION

The Court begins with Plaintiffs' motion to certify an interlocutory appeal on the appropriate pleading standard under Rule 9(b). The Court then turns to Samsung's motions to dismiss, to extend the time to answer the Remaining Claim, and to transfer this case to the Northern District of Illinois.

### A. Plaintiffs' Motion to Certify an Interlocutory Appeal

Plaintiffs move to certify an interlocutory appeal so the Third Circuit can clarify the "appropriate pleading standard under Rule 9(b)." Motion to Certify Interlocutory Appeal at 1. Samsung argues that the appropriate pleading standard is already clear. Samsung is correct.

Leave to file an interlocutory appeal may be granted where an order "involves a controlling question of law," as to "which there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[A]ll three requirements must be satisfied for a court to certify an issue for appeal." *In re Schering-Plough Corp.*, No. 8-397, 2010 WL 2546054, at *4 (D.N.J. June 21, 2010). "The decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still deny certification." *Krishanthi v. Rajaratnam*, No. 9-5395, 2011 WL 1885707, *2 (D.N.J. May 18, 2011) (internal quotations omitted) (quoting *Morgan v. Ford Motor Co.*, No. 6-1080, 2007 WL 269806, *2 (D.N.J. Jan. 25, 2007)).

An interlocutory appeal in not warranted in this case because there is not a substantial difference of opinion about the correct pleading standard under Rule 9(b). Depending on the facts, courts apply Rule 9(b) in different ways. When information is not within the exclusive control of a defendant, courts applying Rule 9(b) require plaintiffs to plead the "who, what, where, when, why, and how." *Weske I*, 2012 WL 833003 at *5 (citing *Burlington*, 114 F.3d at 1423). When information is within the exclusive control of a defendant, courts applying Rule 9(b) apply the more relaxed pleading standard set forth in *Craftmatic*. *Id.* It follows that the Third Circuit has clarified when the relaxed Rule 9(b) standard applies and when it does not. Indeed, Plaintiffs recognize as much in their brief. Motion to Certify Interlocutory Appeal at 6 n.3 ("Plaintiffs respectfully submit that

[the *In re Craftmatic*] line of cases reflect binding authority applicable to the instant matter.").

The Court cited the relaxed Rule 9(b) standard in its prior decision. *Weske II*, 2013 WL 1163501 at **3-4. The Court applied the relaxed Rule 9(b) standard in its prior decision. *Id.* Plaintiffs' argument to the contrary is simply incorrect. While Plaintiffs might challenge the Court's application of the relaxed Rule 9(b) standard, an interlocutory appeal is not the proper vehicle for that challenge. *See Koken v. Pension Benefit Guar. Corp.*, 381 F. Supp. 2d 437, 442 (E.D. Pa. 2005) ("The antithesis of a proper § 1292(b) appeal is one that turns on ... whether the district court properly applied settled law to the facts or evidence of a particular case. [Any] legal question [certified] must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.") (quoting *McFarlin v. Conseco Servs. LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)).

As Plaintiffs have failed to establish a "substantial ground for difference of opinion" regarding the proper standard under Rule 9(b), the Court need not reach the other two § 1292(b) factors. *See Schering-Plough*, 2010 WL 2546054 at *4. Accordingly, the Court will **DENY** Plaintiffs' motion to certify an interlocutory appeal.

### B. Samsung's Motions

Samsung moves to dismiss with prejudice those claims in the SAC that the Court has dismissed without prejudice. Samsung also moves to extend its time to answer the SAC and to transfer the case to the Northern District of Illinois.

#### 1. Motion to Dismiss

Because Plaintiffs did not amend their complaint in accordance with the timeline the Court established, Samsung argues that the Court should dismiss with prejudice those counts that were previously dismissed without prejudice: Count I, Count II, and Count III (to the extent it asserts a claim for breach of warranty under Minnesota law). The Court is not persuaded by Samsung's argument.

"[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). As noted by another Court in this District, the Third Circuit "frowns on dismissals with prejudice." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 432 n.3 (D.N.J. 1999). However, courts have transformed dismissals without prejudice into dismissals with prejudice when

5

plaintiffs have elected to stand on their dismissed claims. *See, e.g.*, *Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001).

In its prior opinion, the Court dismissed Counts I, II, and III (Minnesota breach of warranty claim only) without prejudice. *Weske II*, 2013 WL 1163501 at \*\*3-4, 6. The Court gave Samsung until April 18, 2013 to file a third amended complaint. Rather than file a third amended complaint, Plaintiffs moved to certify an interlocutory appeal on April 18, 2013. Plaintiffs did not rest on the SAC. Accordingly, the Court will **DENY** Samsung's motion to dismiss **WITHOUT PREJUDICE**. The Court will give Plaintiffs one more opportunity to amend their pleading. If Plaintiffs do not file a Third Amended Complaint within 14 days of this opinion, the Court will dismiss with prejudice those claims that are currently dismissed without prejudice.

### 2. Motion to Extend Time to Answer

Pursuant to the consent order signed by Judge Falk on May 17, 2013, Samsung had until May 31, 2013 to file an answer to the Remaining Claim. Rather than file an answer in the allotted time, Samsung filed the instant motion requesting an extension. Samsung asks for permission to answer the Remaining Claim no later than 30 days after the Court decides Plaintiffs' motion to certify an interlocutory appeal. Plaintiffs do not oppose Samsung's request. Accordingly, the Court will **GRANT** Samsung's motion. If Plaintiffs do not file a Third Amended Complaint within 14 days of this opinion, Samsung will have an additional 14 days to answer the Remaining Claim. If Plaintiffs do file a Third Amended Complaint, the Court will proceed in accordance with the deadlines set forth in the Federal Rules of Civil Procedure.

### 3. Motion to Transfer

Since Samsung's motion to transfer is contingent on the granting of Samsung's motion to dismiss with prejudice, and since the Court will deny Samsung's motion to dismiss with prejudice, the Court will **DENY** Samsung's motion to transfer **WITHOUT PREJUDICE**.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to certify an interlocutory appeal is **DENIED**. Samsung's motion to extend the time to answer the Remaining Claim is **GRANTED**. Samsung's motions to dismiss and to transfer are **DENIED WITHOUT PREJUDICE**.

/s/ William J. Martini
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 26, 2013**