

# GRAHAM CURTIN
*A Professional Association*

JAMES J. O'HARA
DIRECT DIAL 973-401-7125
johara@grahamcurtin.com

September 27, 2013

<u>VIA ECF</u>
Honorable William J. Martini, U.S.D.J.
Martin Luther King, Jr. Federal Building
  and United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    Weske et al. v. Samsung Electronics America, Inc. et al.
                <u>Civil Action No. 10-4811 (WJM) (MF)</u>

Dear Judge Martini:

      This firm represents defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively "Samsung") in the above-referenced matter. We write in response to the September 23, 2013 letter from plaintiffs' counsel requesting leave -- without filing a motion pursuant to Fed. R. Civ. P. 15 -- to file a Fourth Amended Complaint (the "FAC") in this matter (mistakenly referred to as the Third Amended Complaint). While Samsung appreciates that leave to amend is liberally granted, Samsung is compelled to oppose plaintiffs' request, as the new allegations of the proposed FAC would fail as a matter of law and thus the requested amendment is futile.

      In their proposed FAC, plaintiffs seek to add a claim for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. ("MMWA"), and represent that the proposed FAC is otherwise "substantively identical" to the Third Amended Complaint. However, because a claim under the MMWA cannot survive without a viable breach of warranty claim, <u>Cooper v. Samsung Elecs. Am., Inc.</u>, 374 F. App'x 250, 254 (3d Cir. 2010), which plaintiffs do not have, their MMWA claims fails as a matter of law and the proposed amendment should be denied as futile.

      I.    <u>Denial of leave to amend is appropriate where an amendment is futile</u>

      Leave to amend should be "freely give[n]," but only "when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>see also</u> <u>Tedeschi v. Smith</u>, 2010 U.S. Dist. LEXIS 2336, *17 (D.N.J. Jan. 12, 2010). A court may deny a motion for leave to amend on any of the following grounds: (1) undue or unexplained delay; (2) bad faith or dilatory motives; (3) substantial or undue

1862133_1

4 Headquarters Plaza • P.O. Box 1991 • Morristown • New Jersey 07962-1991
T  973.292.1700 • F  973.292.1767 • GrahamCurtin.com

GRAHAM CURTIN
A Professional Association

Honorable William J. Martini, U.S.D.J.
September 27, 2013
Page 2

prejudice; or (4) futility.  See, e.g., Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222, 226 (1962); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993).

        An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Imp., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief can be granted").  "An amendment is considered futile 'if the amendment will not cure any deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss.'" Onyiuke v. New Jersey State Supreme Court, 435 F. Supp. 2d 394, 403 (D.N.J. 2006), vacated in part on other grounds, 242 Fed. App'x 794 (3d Cir. 2007) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)).  In determining whether an amendment is futile, the Court thus employs the Rule 12(b)(6) motion to dismiss standard.  See Burlington Coat Factory, 114 F.3d at 1434; Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

        When considering whether a pleading would survive a Rule 12(b)(6) motion, the court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them.  Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).  "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" Duran v. Equifirst Corp., 2010 U.S. Dist. LEXIS 22903, *2 (D.N.J. March 12, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L.Ed.2d 929, 949 (2007)).  In essence, the facts alleged must be sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009).  While a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555, 127 S. Ct. at 1962, 167 L. Ed. 2d at 937 (citation omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. Moreover, although the court must, in assessing a motion to dismiss, view the factual allegations contained in the pleading at issue as true, the court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007).

1862133_1

GRAHAM CURTIN
*A Professional Association*

Honorable William J. Martini, U.S.D.J.
September 27, 2013
Page 3

    II.    Plaintiffs' proposed FAC would be futile because their MMWA claim fails as a matter of law

    There is no question that "state substantive law determines the liability for MMWA claims based on breaches of express and implied warranties." Greene v. BMW of N. Am., 2012 U.S. Dist. LEXIS 168695, *12 (D.N.J. Nov. 28, 2012); see also McCalley v. Samsung Elec. Am., Inc., 2008 U.S. Dist. LEXIS 28076, *21 n.5 (D.N.J. Mar. 31, 2008). Accordingly, in the absence of a viable claim for breach of express or implied warranty, dismissal of an MMWA claim is required.[1] See, e.g., Greene, 2012 U.S. Dist. LEXIS 168695 at *12; Nobile v. Ford Motor Co., 2011 U.S. Dist. LEXIS 26766, *12 (D.N.J. Mar. 14, 2011); Marcus v. BMW, 2010 U.S. Dist. LEXIS 122908, *18 (D.N.J. Nov. 19, 2010).

    Here, only plaintiffs Weske and Frager assert a claim for breach of implied warranty, thus only these plaintiffs could conceivably assert an MMWA claim. But Weske's breach of implied warranty claim has *twice* been dismissed by this Court because "failing to disclose a known defect does not, by itself, make a warranty unconscionable." Weske v. Samsung Elecs. Am., Inc., 2013 U.S. Dist. LEXIS 37635, *16 (Mar. 19, 2013). Plaintiffs' Third Amended Complaint (and the FAC) simply ignore the Court's decision and reassert Weske's claim without any substantive modification to their allegations concerning the alleged "unconscionability" of Samsung's warranty. Thus, Weske's breach of warranty claim is destined to fail again and cannot underpin an MMWA claim.

    Additionally, Frager's claim for tortious breach of warranty under Ohio law cannot underpin an MMWA claim. "Although Ohio courts recognize two forms of implied warranty claims -- implied warranty in tort and implied warranty of merchantability (contract) -- only the latter can form the basis of a Magnuson-Moss claim." In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig., 880 F. Supp. 2d 801, 819 (S.D. Ohio 2012) (citing Curl v. Volkswagen of Am., Inc., 871 N.E.2d 1141, 1145 (Ohio 2007) (requiring privity in order to sustain MMWA claim)). Frager lacks privity with Samsung and thus cannot assert a claim for breach of the implied warranty of merchantability. As Frager's claim for tortious breach of warranty cannot support a claim under the MMWA, id., the MMWA claim necessarily fails as a matter of law.

---

[1] Additionally, because the MMWA imports underlying state law, claims under this statute are not suitable to a nationwide class. Marcus, 2010 U.S. Dist. LEXIS 122908 at *28 ("It again merits mentioning that when considering whether to certify a nationwide class under the MMWA, no federal court has ever concluded that the forum state had the most significant relationship with every class member's claim. … Therefore, common issues of law do not predominate, and certification of [plaintiff's] MMWA claims is denied").



GRAHAM CURTIN
*A Professional Association*

Honorable William J. Martini, U.S.D.J.
September 27, 2013
Page 4

   As Weske's implied warranty claims is subject to dismissal and Frager's is not based in contract, there is no basis for plaintiffs to recover under the Magnuson-Moss Warranty Act.  See Cooper, 374 F. App'x at 254 (affirming dismissal of MMWA claim because plaintiff's underlying breach of express and implied warranty claims were correctly dismissed); see also Greene, 2012 U.S. Dist. LEXIS 168695 at *12; Nobile, 2011 U.S. Dist. LEXIS 26766, *12; Marcus v. BMW, 2010 U.S. Dist. LEXIS 122908, *18.  Accordingly, plaintiffs' MMWA claim fails as a matter of law.  Since plaintiffs' proposed FAC would be futile, plaintiffs' request for leave to amend should be denied.

   We appreciate the time and consideration extended by Your Honor in this matter.

          Respectfully,

          /s/ James J. O'Hara
          JAMES J. O'HARA

cc: All counsel of record (via ECF)

1862133_1