

JAMES J. O'HARA
DIRECT DIAL 973-401-7125
johara@grahamcurtin.com

October 2, 2013

VIA ECF
Honorable William J. Martini, U.S.D.J.
Martin Luther King, Jr. Federal Building
  and United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    Weske et al. v. Samsung Electronics America, Inc. et al.
             Civil Action No. 10-4811 (WJM) (MF)

Dear Judge Martini:

      This firm represents defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively "Samsung") in the above-referenced matter.  We write, with leave of Court, in brief response to plaintiffs' counsel's October 1, 2013 letter in further support of plaintiffs' request to file a Fourth Amended Complaint (the "FAC") in this matter.

      Plaintiffs' counsel's letter mischaracterizes plaintiffs' own claims and controlling case law -- including the decisions issued by Your Honor in this case -- in a misguided effort to add a claim for violation of the Magnuson-Moss Warranty Act ("MMWA").

      Plaintiffs concede that Weske and Frager's claims for breach of implied warranty cannot underpin their proposed MMWA claim.  However, plaintiffs argue that Samsung has misread the proposed FAC.  More specifically, plaintiffs now claim that plaintiffs Chermak, Kean and Burns also assert breach of implied warranty claims that can support their proposed MMWA claim.  This argument is preposterous and is contradicted by the proposed FAC itself, which only asserts breach of implied warranty claims on behalf of Weske and Frager.  (FAC at ¶¶190-91).  Indeed, Samsung and the Court previously interpreted the same allegations of breach of warranty in the Second Amended Complaint to be asserted only on behalf of Weske and Frager -- which plaintiffs never disputed.  See Weske v. Samsung Elecs. Am., Inc., 2013 U.S. Dist. LEXIS 37635, *15 (Mar. 19, 2013) ("Weske II") ("Count III asserts a claim for breach of warranty under Minnesota law [Weske] and a claim for tortious breach of warranty under Ohio law [Frager]").  Plaintiffs' contention that Chermak, Kean and Burns -- as well as other unnamed class members -- assert implied warranty claims because the caption of Count III purports to be "on behalf of the proposed state subclasses" is specious (at best).  Moreover, it is well settled that "[o]n a motion to dismiss a putative class action complaint, the Court may only consider the allegations of the named plaintiffs, and not the generalized allegations of unnamed plaintiffs or

4 Headquarters Plaza • P.O. Box 1991 • Morristown • New Jersey 07962-1991
T  973.292.1700 • F  973.292.1767 • GrahamCurtin.com



GRAHAM CURTIN
*A Professional Association*

Honorable William J. Martini, U.S.D.J.
October 2, 2013
Page 2

putative class members." Tatum v. Chrysler Group LLC, 2012 U.S. Dist. LEXIS 171746, *11 (D.N.J. Dec. 3, 2012) (citing Luppino v. Mercedes-Benz USA, LLC, 2010 U.S. Dist. LEXIS 83584, *14 (D.N.J. Aug. 16, 2010). Quite simply, Chermak, Kean and Burns do not assert (and have never asserted) a claim for breach of implied warranty.

There is a reason that Chermak, Kean and Burns do not assert a claim for breach of implied warranty -- because it would be subject to dismissal for the *exact* same reasons that the Court has already dismissed the claims of Weske, Frager and Myhre. In Weske v. Samsung Elecs. Am., Inc., 2012 U.S. Dist. LEXIS 32289 (Mar. 12, 2012) ("Weske I"), Your Honor dismissed Frager and Myrhe's (contract-based) implied warranty claims because Ohio and Washington law "require the plaintiff to show privity of contract with the defendant in order to succeed on a claim for breach of implied  warranty." Id. at *22. So, too, do Illinois and California law.  See Rothe v. Maloney Cadillac, Inc., 518 N.E.2d 1028, 1029-30 (Ill. 1988); Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008).  It is therefore not surprising that the FAC asserts implied warranty claims only on behalf of "residents of [] states which have adopted a version of UCC § 2-314 . . . that will not allow Samsung to successfully assert the defense of privity." (FAC at ¶190).  Illinois and California plainly do not qualify.[1]

Moreover, in Weske I, the Court held (and plaintiffs did not dispute) that since Weske's refrigerator failed after the one year express warranty had expired, his claim for breach of implied warranty also failed because "any implied warranty could not have lasted longer than that same one-year period." 2012 U.S. Dist. LEXIS 32289 at *20; see also N.J.S.A. 12A:2-317 ("Warranties whether express or implied shall be construed as consistent with each other"). Plaintiffs now attempt to recast Court's decision as "whether a warrantor has properly limited or disclaimed implied warranties" and allege (without any basis whatsoever) that Chermak, Kean and Burns "purchased refrigerator models with improperly disclaimed warranties."  But the propriety of a disclaimer is not the issue at all and was not part of the holding of Weske I.[2] Rather, just like Weske, plaintiffs Chermak, Kean and Burns did not experience any alleged defect with their refrigerators until over one year after purchase.  (FAC at ¶¶36, 39, 56, 59). Accordingly, any implied warranty expired and, consistent with Weske I, dismissal of Chermak, Kean and Burns' breach of implied warranty claim (if asserted) would be appropriate.

---

[1] Plaintiffs' attempt to argue that Chermak's MMWA claim may proceed despite the absence of privity "has been rejected by a consensus of the federal circuit courts of appeal that have dealt with this question, as well as by the overwhelming majority of federal district court cases." Mekertichian v. Mercedes-Benz USA, LLC, 807 N.E.2d 1165, 1168 (Ill. App. 2004); see also Voelker v. Porsche Cars N. Am., Inc., 353 F.3d 516, 525 (7th Cir. 2003) (affirming dismissal of MMWA claim because "[u]nder Illinois law, privity of contract is a prerequisite to recover economic damages for breach of implied warranty").  In addition, plaintiffs' contention that California's Song-Beverly Act did away with privity is immaterial, as Kean and Burns do not assert a claim under that statute.

[2] Significantly, the doctrine of law of the case (which plaintiffs seek to avoid) "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Pepper v. United States, 131 S. Ct. 1229, 1250 (2011).



GRAHAM CURTIN
*A Professional Association*

Honorable William J. Martini, U.S.D.J.
October 2, 2013
Page 3

      As set forth above, because plaintiffs' MMWA claim fails as a matter of law, the proposed FAC would be futile and plaintiffs' request for leave to amend should be denied.

      We appreciate the time and consideration extended by Your Honor in this matter.

Respectfully,

JAMES J. O'HARA

cc:  All counsel of record (via ECF)